No. .........
First Circuit

JEFF WEST v. IMPORTERS AND EXPORTERS INS. CO.

(December 8, 1925. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 521.**

Where the basis of a suit is a policy of insurance which was not introduced in evidence, although no explanation was made for its nonproduction, it being necessary for a proper determination of the case to consider the wording of the insurance policy, the suit will be dismissed without prejudice in the appellate court.

Appeal from the parish of Evangeline, Hon. B. H. Pavy, Judge.

This is a suit to collect insurance together with penalties, attorney's fees and costs for the loss by fire of an automobile. There was judgment for defendant, and plaintiff appealed. Judgment amended by dismissing case as of non-suit and affirmed.

O. E. Guillory of Ville Platte, attorney for plaintiff, appellant.

John C. Hollingsworth of New Orleans, attorney for defendant, appellee.

LECHE, J. Plaintiff appeals from a judgment refusing his demand for four hundred and twenty dollars, together with penalties, attorney's fees and costs, alleged to be due to him upon a contract of insurance. He alleges that he insured his Ford automobile with the defendant company in a sum not to exceed four hundred and twenty dollars, against loss by fire; that the policy evidencing the contract is not in his possession or under his control; that said Ford automobile was destroyed by fire on February 26, 1924, during the existence of the contract of insurance; that he has observed all the warranties on his part of the agreement of insurance; that said automobile had cost him $592.96 —$250.00 cash and twelve promissory notes each for the sum of $28.58, April 17, 1923, the day on which the insurance policy was issued; that all said notes had been paid at the time of the fire; that said automobile was free of all liens and encumbrances when destroyed, and that his loss exceeded $420.00; that he had made formal demand for his damage, after 60 days from his proof of loss, and he prays accordingly for judgment.

Defendant categorically denied all of these allegations, but admitted, however, that it had issued and delivered to the Standard Motors Finance Company, who applied, therefor, a policy of insurance No. E-149, together with a certificate No. 8082, payable to the Standard Motors Finance Company and Jeff West as their respective interests were therein described, providing indemnity in a sum not exceeding $420.00 for the term of one year from April 17, 1923, at noon, which policy is not in defendant's possession, or under its control.

On the trial of the case, proof admitted over the objection of defendant showed that the automobile was damaged by fire as alleged, on February 26, 1924; that the notes which plaintiff had subscribed in payment of the purchase price, secured by vendor's privilege and chattel mortgage, had all been paid; that the actual damage to the automobile was three hundred dollars, and that demand for payment had been made in vain.

The policy, however, evidencing the contract of insurance, was not produced, no effort was made to produce the same, and no explanation given as to the cause of its non-production. Plaintiff alleged that he had "observed all the warranties of agreement" contained in the policy and complied with its conditions, but this allegation was categorically denied in defendant's answer.

In the absence of the policy, it is of course impossible for the court to pass upon that controverted issue. There is no proof of the loss or destruction of the policy, nor is there any proof as to what agreements were contained herein, so that we cannot say whether the plaintiff has complied with such agreements. It is not disputed, and the plaintiff so concedes by the allegations of his petition, that in order to recover a plaintiff must bring himself within the conditions of the policy.

Under these circumstances plaintiff's demand should not be definitively denied, but his suit should be dismissed without prejudice, reserving to him the right to renew the same under proper allegations, and the judgment appealed from should be accordingly amended.

It is therefore ordered that the judgment appealed from be amended by dismissing plaintiff's demand as in case of non-suit. It is further ordered that costs of appeal be paid by defendant and those of the Lower Court be paid by plaintiff.